UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:16-CV-290-BR

| | |
|---|---|
| WARTE T. MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| TOM J. VILSACK, SECRETARY, UNITED ) | |
| STATES DEPARTMENT OF ) | |
| AGRICULTURE, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant United States Department of Agriculture's ("USDA" or "defendant") motion to dismiss or, alternatively, motion for judgment on the pleadings. (DE # 7.) Plaintiff has not filed a response to the motion, and the time within which to do so has expired. This matter is ripe for disposition.

## I. BACKGROUND

Plaintiff, who suffers from dyslexia, worked as a Risk Management Specialist with the Risk Management Agency of the USDA from 1 October 2006 until 24 September 2012. (Compl., DE # 1-1, ¶¶ 3-5.) At the beginning of his employment, plaintiff informed his supervisors of his dyslexia, "which causes him to have difficulty reading and digesting materials at as fast a pace as those not so impaired," and "requested reasonable accommodation." (Id. ¶ 5.)

In January 2011, plaintiff filed an Equal Employment Opportunity ("EEO") complaint alleging discrimination due to his disability, which defendant settled on 18 June 2011. (Id. ¶ 6.) Plaintiff was promoted as a result of the settlement. (See id.)

In September 2011, after a folder containing work from one of plaintiff's assignments went missing from his desk, plaintiff's supervisors gave him four days to reconstruct the folder. (Id. ¶ 7.)  In November 2011, plaintiff filed a second EEO complaint.  (Id. ¶ 9; see also Def.'s Mem., Ex.1, DE # 8-1, at 12-17.)  This complaint was investigated, referred for hearing to an Administrative Judge, and then plaintiff withdrew his request for a hearing.  (Compl., DE # 1-1, ¶ 9; Answer, Ex. 2, DE # 5-2, at 2.)  On 26 June 2013, the USDA issued a Final Agency Decision concluding that the Agency did not discriminate against plaintiff based on his disability; did not deny him a reasonable accommodation; did not subject him to a hostile work environment; and did not retaliate against him for filing the initial EEO complaint in January 2011.  (Def.'s Mem., Ex. 3, DE # 5-3.)  On 15 July 2015, the EEO Commission affirmed the USDA's decision.  (Answer, Ex. 2, DE # 5-2 at 2.)  On 3 February 2016, the Commission denied plaintiff's request for reconsideration.  (Compl., DE # 1-1, ¶ 13; Def,'s Mem., Ex 4, DE # 5-4.)

On 29 April 2016 plaintiff filed the instant complaint in North Carolina state court.  He alleges "that th[e] short, four-day reconstruction period was intentionally and unreasonably short and reprisal for his filling a successful EEO complaint."  (Compl., DE # 1-1, ¶ 7.)  He also alleges that he was subjected to a hostile work environment, (see id. ¶¶ 15, 17), and that there was a "failure to accommodate his work place needs due to his disability," (id. ¶ 16).  He asserts claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") , 42 U.S.C. § 2000e *et seq.*; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; the Rehabilitation Act, 29 U.S.C. § 791 *et seq.*; and the North Carolina Persons with Disabilities Protection Act ("NCPDPA"), N.C. Gen. Stat. §§ 168A-1 *et seq*.  (Compl., DE # 1-1, ¶¶ 14-22.)  Defendant removed the action to this court on 26 May 2016.  (DE # 1.)

2

Case 5:16-cv-00290-BR   Document 11   Filed 12/16/16   Page 2 of 11

Defendant answered plaintiff's complaint on 5 July 2016. (DE # 5.) On 19 August 2016, defendant filed the instant motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for judgment on the pleadings pursuant to Rule 12(c), among other grounds. (DE # 7.)

## II. DISCUSSION

A Rule 12(c) motion for judgment on the pleadings based on failure to state a claim for relief is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6). Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014). To survive dismissal, a party must allege in his complaint "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 548 (2007). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). However, a complaint that proffers only "a formulaic recitation of the elements of a cause of action," Twombly, 550 U.S. at 555, with no "further factual enhancement" is insufficient, id. at 557. In determining whether a plaintiff has sufficiently alleged his claims, the court must accept as true all of the plaintiff's well-pleaded allegations and must draw all reasonable factual inferences in favor of the plaintiff. Massey, 759 F.3d at 353. Additionally, the court may consider documents that the parties attached as exhibits to their pleadings, Occupy Columbia v. Haley, 738 F.3d 107, 116 (4th Cir. 2013), and those that are attached to the motion which are "clearly integral to, and [] relied upon in, [the] complaint" and whose authenticity is not questioned, Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006).

In his complaint, plaintiff appears to attempt to assert claims for retaliation based on the short file reconstruction period, hostile work environment, and failure to accommodate. The court will discuss these claims under each alleged basis for liability.

### A.  Title VII and ADA Claims

Title VII does not protect an employee from discrimination based on disability, see Schmidt v. Town of Cheverly, Md., No. GJH-13-3282, 2016 WL 4544003, at *5 (D. Md. Aug. 30, 2016) ("Disability is not a protected class under Title VII, which only protects employment discrimination based on 'race, color, religion, sex, or national origin[.]'" (citing 42 U.S.C. § 2000e-2)), or "from retaliation where the protected activity involves an alleged disability," Dones v. Donahue, 987 F. Supp. 2d 659, 671 n.4 (D. Md. 2013). Although the ADA protects against disability-based discrimination and retaliation, it does not apply when the federal government is the employer, 42 U.S.C. § 12111(5)(B); Cassity v. Geren, 749 F. Supp. 2d 380, 384 (D.S.C. 2010). Accordingly, plaintiff, as a former federal employee, suing based on an alleged disability cannot state a claim under either of these statutes.

### B.  Rehabilitation Act Claims

While Title VII and the ADA do not apply under the facts alleged here, the Rehabilitation Act does. Section 501 of the Rehabilitation Act "provide[s] for employment of disabled individuals by federal departments, agencies, and instrumentalities and the formation of affirmative action plans in federal employment." Jones v. Am. Postal Workers Union, Nat'l, 192 F.3d 417, 428 (4th Cir. 1999); see also 29 U.S.C. § 791. It "prohibits discrimination on the basis of disability in employment decisions by the Federal Government." Lane v. Pena, 518 U.S. 187, 193 (1996); see also Dank v. Shinseki, 374 F. App'x 396, 398 n.2 (4th Cir. 2010). The Act also bars retaliation "against any individual because such individual has opposed any act or practice

4

made unlawful by [the ADA or the Rehabilitation Act] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA or Rehabilitation Act]." 42 U.S.C. § 12203(a); see also 29 U.S.C. § 791(f) (Rehabilitation Act's incorporation of the ADA's standards); Hooven-Lewis v. Caldera, 249 F.3d 259, 272 (4th Cir. 2001) (recognizing that the Rehabilitation Act incorporates the ADA's anti-retaliation provision).

As recognized previously, plaintiff appears to attempt to assert three different claims: (1) retaliation based on the short file reconstruction period; (2) hostile work environment; and (3) failure to accommodate. The court examines each of these claims under the Rehabilitation Act.

*1.     Retaliation Based on Short File Reconstruction Period*

To allege a plausible retaliation claim under the Rehabilitation Act, a plaintiff must provide sufficient facts which demonstrate "(1) that he engaged in protected conduct; (2) suffered an adverse action; and (3) that a causal link exists between the protected conduct and the adverse action." Stokes v. Benham, No. 3:14-CV-536-JAG, 2015 WL 4139274, at *6 (E.D. Va. July 8, 2015) (alteration removed) (citing A Society Without a Name v. Virginia, 655 F.3d 342, 350 (4th Cir. 2011); Hooven–Lewis, 249 F.3d at 272)), aff'd, 626 F. App'x 431 (4th Cir. 2015), cert. denied, No. 16-5626, 2016 WL 4399690 (U.S. Oct. 17, 2016). Plaintiff's filing of his initial EEO complaint in January 2011 constitutes a protected activity, see id., and the court will assume without deciding that defendant's imposition of a four-day file reconstruction period is an adverse employment action. Therefore, the remaining issue is whether plaintiff has sufficiently alleged causation.

While temporal proximity may sometimes be sufficient to support causation, the seven months between plaintiff's filing of his initial EEO complaint and defendant's imposition of the

5

short reconstruction period is not sufficiently close so as to show a causal connection between the two events. See Perry v. Kappos, 489 F. App'x 637, 643 (4th Cir. 2012) ("Although neither we nor the Supreme Court have adopted a bright temporal line, we have held that a three- or four-month lapse between the protected activities and discharge was 'too long to establish a causal connection by temporal proximity alone[.]'" (citing Pascual v. Lowe's Home Ctrs., Inc., 193 F. App'x 229, 233 (4th Cir. 2006)). Even when that time is coupled with the allegation that defendant had not previously imposed a "short assignment completion date," (Compl., DE # 1-1, ¶ 8), plaintiff has failed to provide sufficient facts to state a claim for retaliation based on the short file construction period.

2. *Hostile Work Environment*

In order to establish a hostile work environment claim under the Rehabilitation Act, a claimant must demonstrate that he "(1) is a qualified individual with a disability; (2) was subject to unwelcome harassment; (3) the harassment was based on h[is] disability; (4) the harassment was sufficiently severe or pervasive to alter a term, condition, or privilege of employment; and (5) some factual basis for imputing liability to the employer." Edmonson v. Potter, 118 F. App'x 726, 730 (4th Cir. 2004) (citing Fox v. GMC, 247 F.3d 169, 177 (4th Cir. 2001)). The employer's conduct must be "objectively hostile, such that a reasonable person would so perceive it as such." Id. (citing Fox, 247 F.3d at 178). "Factors to be considered in analyzing th[is] objective component include the frequency and severity of the discriminatory conduct, whether it is physically threatening or humiliating rather than being a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance." Id. (citing Fox, 247 F.3d at 178).

6

From the allegations in the complaint, it is not clear what acts plaintiff contends constitute harassment. He alleges that "the Report of Investigation provided evidentiary submissions and numerous examples of comments, harassment, and actions which constituted a hostile work environment . . . ." (Compl., DE # 1-1, ¶ 15; see also id. ¶ 16 ("Plaintiff also provided, to the EEO investigator, the dates and details of his harassment . . . .").) The Report of Investigation, citing plaintiff's affidavit, notes that plaintiff "asserts hostile work environment because he believed the work folder was removed from his desk to sabotage his work efforts." (DE # 8-1, at 6.) As further support for his claim of hostile work environment, the Report notes plaintiff also complains about being denied extended due dates on an unspecified number of assignments, which made him feel his work was being scrutinized. (Id. at 8.) Another incident of purported harassment was plaintiff's supervisor's failure to respond to plaintiff's email volunteering to serve as a trainer, which made plaintiff "feel that his willingness to contribute was not valued." (Id. at 9.) Finally, plaintiff complained that a failure with his email notification caused him to miss deadlines for two assignments and caused him to become upset. (Id. at 10.)

The court assumes these incidents are the bases for plaintiff's hostile work environment claim. Even if these allegations were in plaintiff's complaint, he still has not sufficiently alleged a hostile work environment claim. While no doubt the incidents were subjectively unwelcome to plaintiff, see Fox, 247 F.3d at 178 (recognizing that to establish a hostile work environment claim the plaintiff must have "subjectively perceived his workplace as hostile"), they are not sufficiently severe or pervasive to be actionable. They appear to be isolated, having occurred in 2011 over a period of months. The incidents were not physically threatening or humiliating. While some may have arguably interfered with his ability to timely complete his work, there is

7

nothing to indicate that they unreasonably did so.  As such, the court concludes that plaintiff has not sufficiently alleged that defendant's conduct was severe or pervasive so as to constitute a hostile work environment.

### 3. *Failure to Accommodate*

The elements of a failure to accommodate claim under the Rehabilitation Act are "(1) [plaintiff] was an individual with a disability in the name of the ADA; (2) the [agency] had notice of h[is] disability; (3) with reasonable accommodation, [plaintiff] could perform the essential functions of the position; and (4) the [agency] refused to make such accommodation." Works v. Colvin, 519 F. App'x 176, 186 (4th Cir. 2013) (citing Rhoads v. FDIC, 257 F.3d 373, 387 n.11 (4th Cir. 2001)).  "A reasonable accommodation is one that is feasible or plausible." Reyazuddin v. Montgomery Cty., Md., 789 F.3d 407, 414 (4th Cir. 2015) (citation omitted). "An employer may reasonably accommodate an employee without providing the exact accommodation that the employee requested.  Rather, the employer may provide an alternative reasonable accommodation."  Id. at 415 (citation omitted).  Reasonableness is gauged objectively.  Williams v. Channel Master Satellite Sys., Inc., 101 F.3d 346, 350 (4th Cir. 1996).

In his complaint, plaintiff alleges that he "informed his supervisors of his impairment, due to disability, and requested reasonable accommodation, for the same, at the very beginning when he started working at USDA, Risk Management Agency, since the year 2006."  (Compl., DE # 1-1, ¶ 5.)  He further alleges that he provided the EEO investigator the details related to defendant's "failure to accommodate his work place needs due to his disability."  (Id. ¶ 16.) Plaintiff does not allege any specific facts regarding defendant's purported failure to accommodate his disability.

8

In the Report of Investigation, the EEO investigator noted that, because of his disability, plaintiff contends he needs additional time to complete assignments, and when he requested extensions of due dates on assignments, his supervisor accommodated the request on some assignments and denied it for other assignments. (DE # 8-1, at 8.) The Report goes on to state that the deadlines that were not extended were mandatory and set by federal regulation. (Id.) With such assignments, plaintiff received assistance from other staff to enable their timely completion. (Id. at 8-9.) The court assumes plaintiff's failure to accommodate claim is based on defendant's refusal to grant extensions of time on these assignments.

Under the circumstances here, plaintiff's requested accommodation in the form of extending a deadline set by federal regulation was not feasible. However, he received a reasonable accommodation. Although plaintiff did not receive the accommodation he requested, he did receive assistance to complete those deadlines which could not be extended by law. That assistance was a reasonable, alternative accommodation. As such, plaintiff cannot state a failure to accommodate claim.

### C. NCPDPA Claim

Under the NCPDPA, "[o]nce a qualified person with a disability has requested an accommodation, . . . an employer, employment agency, labor organization, place of public accommodation, or covered governmental entity shall investigate whether there are reasonable accommodations that can be made and make reasonable accommodations . . . ." N.C. Gen. Stat. § 168A-4(b). "'Employer' means any person employing 15 or more full-time employees within the State . . . ." Id. § 168A-3(2). "'Person' includes any individual, partnership, association, corporation, labor organization, legal representative, trustee, receiver, and the State and its departments, agencies, and political subdivisions." Id. § 168A-3(7). A "covered governmental

9

entity" is "any State department, institution, agency, or any political subdivision of the State or any person that contracts with a State department, institution, agency, or political subdivision of the State for the delivery of public services, including, but not limited to, education, health, social services, recreation, and rehabilitation." Id. § 168A-3(1).

The federal government does not qualify under the NCPDPA as an employer, covered governmental entity, or person who contracts with the State and therefore is not subject to the Act's requirements to accommodate its employees with disabilities. Furthermore, even if the NCPDPA applied to the federal government, plaintiff's claims would still be dismissed for the reasons stated previously. See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 713 F. Supp. 2d 527, 541 n.5 (W.D.N.C. 2010) ("North Carolina courts 'look to federal decisions for guidance in establishing evidentiary standards and principles of law to be applied in discrimination cases.' *N.C. Dep't of Corr. v. Gibson*, 308 N.C. 131, 137, 301 S.E.2d 78 (1983); *see also Johnson v. Bd. of Trs. of Durham Tech. Comm. College*, 157 N.C.App. 38, 46, 577 S.E.2d 670 (2003) (stating that the [NC]PDPA 'is the North Carolina equivalent of the ADA, sharing the common purpose of providing against disability discrimination')"), aff'd, 674 F.3d 369 (4th Cir. 2012).

### III. CONCLUSION

For the reasons set forth above, defendant's motion for judgment on the pleadings is GRANTED, and plaintiff's claims are DISMISSED WITHOUT PREJUDICE for failure to state

10

a claim.  The Clerk is DIRECTED to enter judgment and close this case.

This 16 December 2016.

_____

W. Earl Britt

Senior U.S. District Judge